**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVID L. CLEVELAND
924 G Street, NW
Washington, DC 20001

Plaintiff

v.                                                   Civil Action No.

UNITED STATES DEPARTMENT OF STATE
2201 C Street, NW
Washington DC 20502

Defendant

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Introduction

    1.  Plaintiff is an immigration lawyer in Washington DC.  He is presently representing several asylum applicants from the country of Cameroon. He will continue to represent such applicants for many years in the future.

    2.  Plaintiff is a full-time volunteer lawyer, working for Catholic Charities ["CC"] of Washington.  CC is dedicated to serving the poorest and most vulnerable residents of this area. CC serves as an advocate for asylum seekers, and also as a trainer of pro bono lawyers who assist asylum seekers. CC will disseminate the requested documents to its own staff, and to many other lawyers.

    3. Defendant Department of State has in its possession several documents relating to "Country Reports on Human Rights Practices for 2011-Cameroon."

1

3a. The United States government uses "Country Reports" against asylum applicants.  Immigration judges "are entitled to rely heavily upon State Department Country Reports." *Wu v. United States AG,* 712 F.3d 486, 495 (11th Cir. 2013).

3b. These reports do not reveal the names, background, or current employment of the authors. They rarely use footnotes and rarely cite to scholarly or judicial sources.  The reports contain conclusions and so-called "facts" which are derived from unknown sources.  Plaintiff seeks to determine how accurate these reports are.

3c. For example, the 2011 Country Report for Cameroon states "There were no government restrictions on access to the Internet or reports that the government monitored e-mail or Internet chat rooms. Individuals and groups could engage in the peaceful expression of views via the Internet, including by e-mail."  [bottom of page 16 of the PDF version of the 2011 Report]

Are these statements true?  Cameroonians living in the D.C. area believe the quoted sentences above are not true.

3d. For another example, the Report discusses several ethnic groups, but says not one word about the "Bamileke" group.  An immigration judge might well conclude that therefore, the Bamileke group does not suffer any problems. Cameroonians living in this area, however,  believe that the Bamilekes suffer greatly in Cameroon.
.
4. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Jurisdiction and Venue

5. This court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a) (4) (B), and 28 U.S.C. § 1331. This court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 28 U.S.C. §§2201-2202 and Federal Rules of Civil Procedure 57 and 65.

6. Venue in this district is proper under 5 U.S.C. § 552(a) (4) (B) and 28 U.S.C. § 1391(c) as all parties are located in the District of Columbia.

## The parties

7.  Plaintiff David L. Cleveland is an immigration lawyer. He is a member of the American Immigration Lawyers Association.

8.  Defendant Department of State ["DOS"] is a department of the executive branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f).  DOS has possession and control over the documents sought by plaintiff.

## The asylum process

9. An alien fleeing persecution in his native country may apply for asylum here in the United States, pursuant to 8 U.S.C. § 1158.  Congress enacted remedies for asylum applicants to "give statutory meaning to our national commitment to human rights and humanitarian concerns." *Selgeka v. Carroll,* 184 F.3d 337, 343 (4th Cir. 1999).

10. An asylum applicant fears torture and death if he is deported. Because "so much can be lost," and because "a lot is at stake," immigration courts are instructed to adjudicate cases "in a fair and reasoned way." *Mufied v. Mukasey*, 508 F.3d 88, 93 (2d Cir. 2007).

Deportation is a consequence that is "particularly severe," which can result in the loss "of all that makes life worth living." *United States v. Akinsade,* 686 F.3d 248, 254 (4th Cir. 2012)[citations and quotations omitted].

## Procedural history

11.     Plaintiff made a FOIA request for documents relating to the Cameroon "Country Report," which was received by defendant almost 400 days ago. *See* Exhibit 1.  Defendant responded to plaintiff's request on September 19, 2012, by stating in part that it "will begin the processing of your request…" *See* Exhibit  2.

12.  Plaintiff appealed to Chairman, Appeals Review Panel, on April 22, 2013, complaining that 220 days had passed, that the DOS had not provided any documents, and that the DOS had not given any reasons for failure to do so. The DOS responded by stating in part "Your FOIA request is not subject to administrative appeal at this time, since no specific material has been denied in response to the request."   *See* Exhibit 3.

14. The DOS has still not provided plaintiff with the documents. Nor has the DOS given any reasons for its inaction. Nor has the DOS made a "determination" about its intent to comply with plaintiff's request.

Exhaustion of administrative remedies

15. Plaintiff has exhausted any and all administrative remedies with defendant.

### FIRST CAUSE OF ACTION

16. Plaintiff repeats, alleges and incorporates the allegations of paragraphs 1-15 as if fully set forth herein.

17.  Plaintiff has a legal right under FOIA to obtain the documents relating to the Cameroon "Country Report" as explained in Exhibit 1. No legal basis exists for defendant's failure to make the documents "promptly" available.

18.  Defendant has violated the FOIA, 5 U.S.C. §§ 552(a).  Defendant's wrongful withholding of the agency records violates the FOIA, § 552(a) (3) (A).

### SECOND CAUSE OF ACTION

19. Plaintiff repeats, alleges and incorporates the allegations of paragraphs 1-18 as if fully set forth herein.

20.  Defendant has still not made a "determination" as to whether it will comply with Plaintiff's request. Defendant has still not notified Plaintiff of any "reasons" for its inaction. Thus, Defendant has violated 5 U.S.C. § 552(a)(6)(A)(i).  This statute "does not allow agencies to keep FOIA requests bottled up for months or years on end while avoiding any judicial

oversight." *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission,* 711 F.3d 180, 190 (D.C.Cir. 2013).

21. Compliance with the statutory deadlines "is a burden that Congress expects agencies to bear." *Nat'l Sec. Counselors v. CIA,* 2013 U.S. Dist LEXIS 115184, *92 (D.D.C. 2013). "Nowhere in FOIA did Congress contemplate government sitting on its hands for months at a time and doing nothing." *Coleman v. DEA*, 714 F.3d 816, 828 (4th Cir. 2013).

WHEREFORE, plaintiff requests that judgment be entered in his favor against defendant and that the court:

a) Order defendant to disclose the documents to plaintiff forthwith;
b) Declare that defendant's failure to disclose the documents violates FOIA;
c) Declare that defendant's failure to make a determination within 20 days violates FOIA;
g) Enjoin defendant from failing to make timely Determinations in the future;
h) Award plaintiff reasonable attorney fees and costs pursuant to 5 U.S. C. §552(a) (4) (E) and 28 U.S.C. § 2412; and
i) Grant all other such relief to plaintiff as the Court deems proper and equitable.

Respectfully submitted,

Attorney for Plaintiff


David L. Cleveland
DC Bar # 424209
Catholic Charities
924 G Street, NW
Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com